## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **SHIRLEY CARLSON,** | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| | § | |
| **v.** | § | **Civil Action No.  4:22-cv-1506** |
| | § | |
| | § | |
| | § | |
| **LAKEVIEW LOAN SERVICING,  LLC,** | § | |
| **Defendant,** | § | |

## <u>DEFENDANT'S NOTICE OF REMOVAL</u>

TO THE HONORABLE UNITED STATES JUDGE:

Pursuant to 28 U.S.C. §§1441 and 1446(a), Defendant Lakeview Loan Servicing, LLC (hereinafter "Defendant" or "Lakeview") gives notice and hereby removes this action from the 506th District Court of Waller County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and in support thereof would show unto the Court the following:

### A. Introduction

1.      On or about April 29, 2022, Plaintiff Shirley Carlson (hereinafter "Plaintiff") filed *Plaintiff's Original Petition* (hereinafter "Petition") in the 506th District Court of Waller County, Texas, styled *Shirley Carlson v. Lakeview Loan Servicing, LLC,* bearing Cause Number CV-22-04-0444 (hereinafter the "State Court Action").

2.      The Plaintiff's lawsuit concerns the foreclosure of the property commonly known as 25311 Bluff View Court, Magnolia, Texas 77355 more particularly described as:

**LOT EIGHTEEN (18), IN BLOCK THREE (3) OF REMINGTON FOREST, SECTION ONE (1), A SUBDIVISION IN WALLER COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT RECORDED IN VOLUME 681, PAGE 814 OF THE OFFICIAL RECORDS OF WALLER COUNTY, TEXAS.**

(hereinafter the "Property"). (*See* Petition at ¶ 8.) In the petition, Plaintiff seeks an injunction to enjoin Defendant from foreclosing on the Property. (*See* Petition at ¶ 61.). Plaintiff alleges Defendant violated the notice requirements under Texas Property Code § 51.002, that the substitute trustee lacks the authority to foreclose (*See* Petition ¶¶ 28and 41).

3.      Lakeview has not been served, and first received notice of the lawsuit on May 2, 2022. Therefore, Defendant timely files this notice of removal within the 30-day time period dictated by 28 U.S.C. §1446(b).

## B. Procedural Requirements

4.      Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, because the State Court Action is pending within this district and division. *See* 28 U.S.C. §1441(a); *Also see* 28 USC §124(c)(3).

5.      Pursuant to 28 U.S.C. §1446(a), attached hereto as **Exhibit A** and incorporated by reference is a true and correct copy of the docket sheet and entire file of record with the Court in the 506th Judicial District Court of Waller County, Texas, including all process, pleadings, and orders served.

6.      Simultaneously with the filing of this *Notice of Removal*, Defendant is filing notice of the removal in the 506th District Court of Waller County, Texas pursuant to 28 U.S.C. §1446(a), which is attached hereto as **Exhibit B**, and will provide written notice of the filing of this *Notice of Removal* to all parties as required by 28 U.S.C. §1446(a).  Also, in accordance with Local Rule LR3,

Defendant has filed contemporaneously with this Notice a civil cover sheet, a copy of which is attached hereto as **Exhibit C**. Also, in accordance with Local Rule LR81, Defendant has filed contemporaneously with this Notice, an index of matters being filed, and a list of all counsel of record, including addresses, telephone numbers and parties represented, a copy of which is attached hereto as **Exhibit D.**

7.     Defendant is filing its *Disclosure Statement and Certificate of Interested Parties* pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, a copy of which is attached hereto as **Exhibit E**.

### C. Basis for Removal

8.     Removal in this case is proper because this Court has diversity jurisdiction under 28 U.S.C. §§1332(a).  Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

### I.     Diversity of Citizenship

9.     Based on Plaintiff's Petition, Plaintiff is a citizen of Texas.  (*See* Petition at ¶ 2.)

10.     Defendant Lakeview is a limited liability company. The citizenship of a limited liability company is determined by its members. *Carden v. Arkoma Assocs*. 494 U.S. 185, 197 (1990). Lakeview's sole member is Bayview MSR Opportunity Corp., which is a Delaware corporation with its principal place of business in Florida. Therefore, Lakeview is a citizen of Delaware and Florida.

11.     Plaintiff is a resident of Texas. Defendant is a citizen of Delaware and Florida. Since all necessary parties are diverse, there is complete diversity between the relevant parties.

## II.     Amount in Controversy

12.     The Petition seeks injunctive relief preventing Defendant from foreclosing on the Property. "In actions seeking declaratory relief or injunction relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).  Put another way, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1252-1253 (5th Cir. 1998). "It is well established in actions in which declaratory or injunctive relief is sought, the amount in controversy for jurisdictional purposes is measured by the direct pecuniary value of the right which the plaintiff seeks to enforce or protect or the value of the object which is the subject matter of the suit." *Martinez v. BAC Home Loans Servicing*. LP, 777 F.Supp.2d 1039, 1044 (W.D.Tex.2010); *see also Hartford Ins. Group v. Lou–Con Inc*., 293 F.3d 908, 910 (5th Cir.2002) ("The amount is controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'") (quoting *Leininger*, 705 F.2d 727, 729 (5th Cir.1983)).  The Fifth Circuit has held that when the right to the property is at issue, the value of the property controls the amount in controversy.  *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir.1961); *see also Nationstar Mortg. LLC v. Knox*, 351 Fed. Appx. 844, 848 (5th Cir.2009) (*Waller* extended to a suit seeking injunctive relief to prevent foreclosure).

13.     Pursuant to the records of the Waller County Appraisal District (http://waller-cad.org) online, the Property is valued at $176,450.00.  A true and correct copy of the Waller Appraisal District property search results is attached hereto as **Exhibit F** and is incorporated herein.

**D. Prayer**

WHEREFORE, Defendant removes this action from the 506ᵗʰ District Court of Waller County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

**BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP**

Dated: May 11, 2022          */s/ R. Matthew Graham*
                             R. Matthew Graham – *Attorney in Charge*
                             State Bar No. 24027186
                             4004 Belt Line Rd., Ste. 100
                             Addison, Texas 75001
                             (972) 340-7948 (telephone)
                             (972) 341-0734 (facsimile)
                             MatthewG@BDFGroup.com

                             **ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that a copy of *Notice of Removal* has been served on all parties electronically via CM/ECF and / or by U.S. Certified Mail, return receipt delivery, the parties below on May 11, 2022.

**VIA E-Service:  jgm@minervelaw.com**
James Minerve, Esq.
13276 N. Highway 183, ste. 209
Austin, Texas 78750
*Attorney for Plaintiff*

                             */s/ R. Matthew Graham*
                             R. Matthew Graham

## <u>LIST OF DOCUMENTS ATTACHED</u>

A.      Docket sheet from Case No. CV-22-04-0444 and Plaintiff's Original Petition filed April 29, 2022, all pleadings and executed processes in the case, if any, all answers, if any, all orders, if any;

B.      Notice of Filing of Notice of Removal to Federal Court filed in the 506th District Court of Waller County, Texas;

C.      Civil Cover Sheet;

D.      Disclosure Statement and Certificate of Interested Parties;

E.      Printout from Waller County Central Appraisal District; and

F.      List of All Counsel of Record.